UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 02-10216-RGS

UNITED STATES OF AMERICA

v.

ANTHONY BYNUM

ORDER ON DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE

December 10, 2008

STEARNS, D.J.

The motion is DENIED. The court agrees with the government and the Probation Office that the sentence reduction eligibility established by 18 U.S.C. § 3582(c)(2), and U.S.S.G. § 1B1.10 (the "crack" cocaine reduction), does not apply to a defendant sentenced under the career offender provisions of U.S.S.G. § 4B1.1. The issue at the resentencing hearing was whether the court in fact sentenced defendant as a career offender.[1]

The following are the pertinent extracts from the transcript.

> I know both counsel are relying on United States v. Lindia, 82 F.3d 1154, for the proposition that the Court has discretion to depart even where "career offender" status is assigned to a defendant.
>
> That clearly was the holding in Lindia, although it was called substantially in question by the en banc Court in United States v. Perez, 160 F.3d 87, where

---

[1] To the extent a valid doubt existed, it is based on the fact that the court found defendant's criminal history to have been overstated under the career offender automatic assignment of Category VI, and consequently departed downward from a minimum of 151 months to a sentence of 108 months.

> the Court stood evenly on the issue whether, in fact, there was discretion or not to depart.
>
> . . .
>
> There is a very recent case, United States v. Mayes, 332 F.3d 34, which seems to signal that the Court is ready to overrule the Lindia case. . . .
>
> I am going to assume, however, on the basis of what is said in a footnote [2] in the Mayes case that Lindia does remain the law in this Circuit.
>
> The question then is [whether] there [is] anything about the background that Mr. Bynum presents to the Court that makes this an exceptional or unusual case in the sense of overstating his classification [as] a career offender. . . .
>
> Looking at the record, I just cannot say that.
>
> There has been too long an involvement with the law. It's been too repetitive. By my count, there are 37 different cases that this defendant has been involved in. Granted, a number of them ending up with not guilties or dismissals.
>
> So I would decline to exercise any discretion to depart downward in terms of the offense level because I do believe that the career offender category is correctly assigned in this case.
>
> On the other hand, like I suspect the government is, I am troubled by the 151-month sentence for such a small amount of crack cocaine as is involved in the actual offense of conviction in this case.
>
> What I am going to do is not depart downward in terms of offense level, but I am going to put Mr. Bynum into the actual criminal history category, as calculated, as a Category III, Level 21, and I am going to give him a minimum sentence in that category, which is a sentence of 108 months, as opposed to 151 months. I think that is a fair resolution fo the case and also one that is lawful.

The court, having reviewed the authority cited by the government, notes that an overwhelming number of district court decisions support the government's position. The case cited by defendant, United States v. Jenkins, No. 07-1814, slip op. (1st Cir. Jul. 18,

2008), to the extent that it may hold differently (it does not appear from the opinion that <u>Jenkins</u> was in fact ultimately sentenced as a career offender), is an unpublished decision and does not have precedential value.  <u>See</u> FRAP Local Rule 32.1.0(a).

        SO ORDERED

        /s/ Richard G. Stearns

        _____

        UNITED STATES DISTRICT JUDGE